UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angela Franklin, | ) C/A 6:06-03638-GRA-BHH |
| | ) |
| Plaintiff, | ) |
| | ) REPORT |
| v. | ) AND |
| | ) RECOMMENDATION |
| Jerry Mize; Beth Knight; Cathy Cox; | ) |
| Mr. Killion; and Doctors at Whitten Center, | ) |
| | ) |
| Defendant(s). | ) |

This civil action was transferred to this Court from the United States District Court for the District of Columbia.  Plaintiff filed this civil action *pro se*, and pursuant to 28 U.S.C. § 1915, *in forma pauperis*.*  Plaintiff brings her complaint alleging that her sister, who is mentally retarded, was moved without family permission from Whitten Center in Clinton, South Carolina to Cain Center, II in Seneca, South Carolina.  Plaintiff claims that her sister was hit by a car while at Cain Center, II, and it was never reported to the police.  Plaintiff does not seek any relief, and the complaint fails to establish jurisdiction in this case.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

*Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such pro se cases and submit findings and recommendations to the District Court.

A complaint filed pursuant to 28 U.S.C. § 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. at 25. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in her favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, this *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

2

never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

In order for this Court to hear and decide a case, the Court first must have jurisdiction over the subject matter of the litigation.  It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Article III of the Constitution and statutes enacted by Congress, *see Willy v. Coastal Corp.*, 503 U.S. 131, 135 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *see American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).  The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship," 28 U.S.C. § 1332.  The allegations contained in the complaint filed by plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction.

First, there clearly is no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires **complete** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) *citizens of different States*[.]

28 U.S.C. § 1332 (emphasis added).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn.3-16 (1978).  This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by plaintiff when she filed her complaint, plaintiff and all defendants are residents of South Carolina.  Also, plaintiff does not request any relief or allege an amount in controversy in excess of seventy-five thousand dollars ($75,000). However, in the absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction.  One reasonable construction of plaintiff's complaint is that it involves a tort/personal injury dispute. Generally, such personal injury/negligence disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present.  Plaintiff's allegations do not contain any specific reference to an alleged violation of any federal statute or constitutional provision by defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See*

4

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S.

at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519.

Respectfully submitted,

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

January 17,2007
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).