UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Angela Franklin, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Jerry Mize; Beth Knight; Cathy Cox; )<br>Mr. Killion; and Doctors at Whitten )<br>Center, )<br>)<br>Defendants. )<br>_____) | C/A No. 6:06-cv-03638-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of the magistrate's Report and Recommendation, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C. Plaintiff originally filed this § 1915 action in the United States District Court for the District of Columbia. On December 27, 2006, the action was transferred to this Court. The magistrate judge filed her Report and Recommendation on January 17, 2007, recommending the complaint be dismissed *without prejudice* and without issuance and service of process. For the reasons stated below, this Court accepts the recommendation of the magistrate judge.

Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the

1

development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); see *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for

2

adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on January 29, 2007.

Plaintiff's objections do not specifically relate to any portion of the Report and Recommendation. Plaintiff instead details her inability to find legal representation in this matter and lists the various agencies from which she sought help. Though the Court is sympathetic to Plaintiff's difficulties, this Court has no jurisdiction over Plaintiff's claims. The magistrate judge correctly noted that this case "involves a tort/personal injury dispute" and would best be heard in the state courts. Report and Recommendation, p. 4. Therefore, Plaintiff's objections are without merit.

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in it entirety.

IT IS THEREFORE ORDERED that this case be DISMISSED *without prejudice* and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March  6 , 2007

Anderson, South Carolina

3

## NOTICE OF RIGHT TO APPEAL

  Petitioner has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.